[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14263

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

PATRICK HEAD, et al.,

Defendants,

BRIAN OWENS,
RICK JACOBS,
ROBERT TOOLE,
MR. DELOACH,
FNU,

BETTY BAILEY-DEAN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:14-cv-00047-RSB-BWC

_____

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

In 2014, Waseem Daker, a Georgia prisoner, proceeding *pro se*, filed a civil complaint against numerous individuals about the conditions of his confinement and other alleged wrongs. The district court ultimately dismissed Daker's complaint with prejudice for failure to comply with its prior order to pay the defendants monetary sanctions in the form of costs and expenses after Daker refused to answer questions at a deposition.

Following the district court's order dismissing his complaint with prejudice, Daker filed (1) a motion for leave to file a motion for access to photocopying so that he could show his inability to pay the monetary sanctions, and (2) objections to the district court's pre-judgment order that overruled Daker's objections to the defendants' costs and fees and directed the defendants to file a

22-14263                Opinion of the Court                3

notice stating whether Daker had complied with its monetary sanctions order against Daker.  The district court denied as moot the motion for leave to file a motion for photocopying and overruled Daker's objections.  Daker, proceeding *pro se*, appeals from that order.

However, while this appeal was pending, Daker appealed from the sanctions order and the final judgment dismissing the underlying complaint in a separate proceeding, and we affirmed. *Daker v. Owens*, Nos. 22-12830, 22-13438, 2024 WL 2796400 (11th Cir. May 31, 2024) (unpublished).  Accordingly, because intervening events have rendered this appeal moot, we dismiss this appeal.[1]

Article III of the Constitution limits federal courts to deciding "[c]ases" and "[c]ontroversies."  U.S. Const. art. III, § 2. The mootness doctrine derives from this limitation because "we cannot entertain [an] appeal unless an actual dispute continues to exist between the parties." *Bourgeois v. Peters*, 387 F.3d 1303, 1307–08 (11th Cir. 2004).  Thus, "mootness is a jurisdictional issue that must be resolved at the threshold." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000).  "[A]n issue is moot when it no longer

---

[1] As with all cases, before addressing the merits of an appeal, we must ensure that we have jurisdiction. *English v. City of Gainesville*, 75 F.4th 1151, 1155 (11th Cir. 2023) ("We have a threshold obligation to ensure that we have jurisdiction to hear an appeal, for without jurisdiction we cannot proceed at all in any cause." (quotations omitted)).

presents a live controversy with respect to which the court can give meaningful relief." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotations omitted). An appeal can be rendered moot—in whole or in part—by intervening events. *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1288 (11th Cir. 2022).

There are exceptions to mootness. "First, a case is not moot where the issue raised is capable of repetition, yet evading review." *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1120 (11th Cir. 1995) (quotations omitted). Second, a case is not moot "where an appellant has taken all steps necessary to perfect the appeal and to preserve the status quo before the dispute becomes moot." *Id.* at 1121 (quotations omitted). And third, we may review "an otherwise-moot case if the district court's order will have dangerous collateral consequences if not reversed." *Id.*

Here, because the district court has rendered a final judgment dismissing the underlying action and we have upheld that dismissal, this appeal is moot. Specifically, with regard to the district court's denial of Daker's objections to the order overruling his objections to the sanctions and costs and fees, we can no longer give Daker any meaningful relief, because we already affirmed the underlying sanctions order. *See Christian Coal. of Fla.*, 662 F.3d at 1189 ("[A]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." (quotations omitted)). We are bound by that ruling and the matter cannot be relitigated. *See also This That & The Other Gift &*

*Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (explaining that "the law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication" in a prior appeal).

Although Daker argues that his case is not moot because the denial of his request for photocopying prevented him from showing an inability to pay the court ordered monetary sanctions, which effectively led to the dismissal of his case, we disagree.[2] First, Daker's argument does not fall within the scope of any of the recognized exceptions to mootness. *See Brooks*, 59 F.3d at 1120. Second, Daker made this same argument in his appeal from the district court's final judgment. In that case, we noted that "[t]he district court concluded that, even if Daker had shown an inability to pay, it still would have found dismissal appropriate" based on Daker's "pattern of willful misconduct, delay, and abusive litigation tactics in this case." *Daker*, 2024 WL 2796400, at *8

---

[2] Daker also challenges other prior orders in this appeal. For instance, he argues that the district court abused its discretion in issuing a pre-filing injunction that prohibited him from filing certain things without the district court's permission. He also argues that the district court erred in imposing monetary sanctions against him and in dismissing his case for failure to pay sanctions and in failing to consider his inability to pay. We already addressed and affirmed these matters in his prior appeal. *See Daker*, 2024 WL 2796400, at *5–8. Accordingly, pursuant to the law-of-the case doctrine, Daker is barred from relitigating these issues here. *This That & The Other Gift & Tobacco*, 439 F.3d at 1283 (explaining that "the law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication" in a prior appeal). Accordingly, we do not address these issues further.

6                        Opinion of the Court                        22-14263

(quotations omitted).  We concluded that the district court did not abuse its discretion, and we are bound by that holding.  *Id.*; *see also This That & The Other Gift & Tobacco*, 439 F.3d at 1283. Accordingly, we dismiss this appeal as moot.

**APPEAL DISMISSED.**